IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRENDA K. MEADOWS, | : |
| Plaintiff | : |
| VS. | : |
| | :     5 : 04-CV-136 (WDO) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

### RECOMMENDATION

The plaintiff herein filed this Social Security appeal on May 4, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed applications for disability and Supplemental Security Income benefits in February 2002, alleging disability due to surgery complications following bilateral mastectomies on January 25, 2002. Her applications were denied initially and upon reconsideration, and following a hearing, the ALJ determined that the plaintiff retained the residual functional capacity for medium work and could return to her past relevant work as a housekeeper. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ did not properly evaluate evidence regarding the nature and extent of her impairments and improperly discounted the opinions of disability issued by her treating oncologist.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Residual functional capacity*

Initially, the plaintiff argues that the ALJ failed to specifically discredit her subjective testimony regarding pain, numbness and limited use of her right arm, thereby accepting these complaints as credible. The plaintiff then argues that these limitations prevent her performance of work at the medium exertional level.

As the Commissioner points out, the ALJ did specifically note the plaintiff's testimony that, among other symptoms, she continued to have pain and numbness in her right arm, and, following a detailed discussion of the medical reports, he issued a finding that the "claimant's

subjective complaints are credible, but not to the degree alleged . . . While she may have some symptoms, I find that the claimant's subjective complaints are not credible to show disability." R. at 21.  Contrary to the plaintiff's arguments, the ALJ specifically discussed and provided reasons to discredit, including continued reports of improvement in her right arm through therapy, her subjective complaints of right arm pain and numbness to the extent alleged.

*Treating physician's opinions*

The plaintiff also argues that the ALJ improperly discounted the opinion of disability issued by treating oncologist Dr. Paul Dale.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary.  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition."  Id.

The plaintiff points specifically to Dr. Dale's November 18, 2002, statement, in which he opined that plaintiff

> has been unable to work since the surgery because of complications associated with the surgery. She has had some lymphedema with right arm weakness and cannot fulfill her duties as a housekeeper completely. She is currently receiving occupational therapy and will not be able to return to work.
>
> R. at 158.

The plaintiff argues that the ALJ failed to incorporate Dr. Dale's findings that she could not return to her past relevant work as a housekeeper, and was required to obtain clarification of Dr. Dale's opinions to the extent that same were incomplete.

The ALJ provided a detailed review of Dr. Dale's statements and opinions, and concluded that

> Dr. Dale's records fail to document the claimant's subjective complaints with objective findings. Dr. Dale was generous in asking for "temporary disability" on the claimant's behalf so that she might continue her necessary therapy visits. However, not until the claimant requested "permanent disability" did Dr. Dale acquiesce to change his request from "temporary" to "permanent" disability on the claimant's behalf due to "complications associated with the surgery". There is no evidence contained in Dr. Dale's records to show the claimant had "complications associated with surgery" other than some postoperative swelling and pain.
>
> Dr. Dale's records show no signs or symptoms supportive of permanent disability. Dr. Dale consistently felt that therapy would restore the claimant's functional ability to return to work, despite a notation made on June 14, 2002, that there were "no visible indications" of lymphedema. Her employer refused to allow her to return without therapy. The record shows the claimant completed almost 5 months of therapy during which she gained strength and range of motion and was consistently progressing well. Subjectively, at the end of this time, she was noted to have poor endurance, which coincides with her request to Dr. Dale for

>    permanent disability, a request that simply is not supported by
>    objective medical findings.

R. at 20.

The undersigned finds that the ALJ's discounting of Dr. Dale's opinion is supported by substantial evidence.  As the ALJ and Commissioner note, Dr. Dale's treatment notes and objective findings do not support his ultimate conclusion in November 2002, that the plaintiff was totally disabled.  Dr. Dale began treating the plaintiff in December 2001, after she was referred to him based on an abnormal mammogram.  A breast biopsy revealed no cancer but a "very high risk of developing invasive ductal or lobular carcinoma in either breast", and the plaintiff opted to undergo bilateral mastectomies.  R. at 173, 174.  Dr. Dale's treatment notes show that she was "doing well" following the surgery, with some swelling in her right arm.  R. at 167-169.  She was ultimately diagnosed with lymphedema, or swelling in the lymph region caused by accumulation of lymph tissue, and was prescribed therapy.  R. at 165-166.  The plaintiff began physical therapy for her right arm in July 2002 and treatment notes evidence that her pain decreased and strength increased during the course of therapy.  R. at 126.  Despite a normal clinical examination in November 2002, and no additional objective findings, Dr. Dale concluded that the plaintiff was totally disabled.  Dr. Dale's conclusion is largely couched in terms of the ultimate conclusion regarding disability, a decision reserved to the Commissioner. To the extent that the plaintiff argues that the ALJ was required to obtain clarification of Dr. Dale's opinions, Social Security Ruling 96-2p provides only that "in *some* instances, additional development required by a case – for example, to obtain more evidence or to clarify reported clinical signs or laboratory findings -- may provide the requisite support for a treating source's

medical opinion". (emphasis added). There is no indication herein that Dr. Dale's opinions were incomplete such that additional development *by the ALJ* was required.  See 404.1512 (e) ("When the evidence we receive from your treating physician . . . is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination".).

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Wilbur D. Owens, Jr., United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 4th day of August, 2005.


   /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


asb